IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>v.<br><br>MAIGAN TATRO,<br><br>             Defendant. | MEMORANDUM DECISION AND ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Case No. 2:22CR177DAK<br><br>**Judge Dale A. Kimball** |

    On February 28, 2023, the court received a letter from Defendant seeking early termination of supervised release.  On November 10, 2020, Judge Dan Aaron Polster sentenced Defendant to 18 months incarceration and 60 months of supervised release.  This case was transferred to this court for Defendant's supervised release.  Defendant began serving her term of supervised release on October 18, 2011, so she has served approximately 16 months of her 60-month term.  The United States opposes Defendant's motion and Defendant's United States Probation Officer has provided the court with a supervision summary but did not take a position regarding early termination of supervised release.

    Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the

interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant's supervision summary indicates that she has yet to complete sex offender and mental health treatment. However, Defendant has had no major issues of noncompliance. Defendant has been employed intermittently as a result of health issues that have precluded her from working regularly. She has a stable living situation with her sister, mother, and father, and family support. The letters Defendant sent with her request demonstrate that she has taken many positive steps to turn her life around.

Despite these positive steps, the court believes that Defendant will benefit from continued supervision until she has at least completed the required sex offender and mental health treatment. Defendant should continue to have constructive communication with her probation officer regarding her progress on these requirements. She appears to be on a promising path forward. The court is willing to reconsider early termination after Defendant has completed her required treatment. At this time, however, the court believes it is premature to terminate her supervised release. Accordingly, the court denies Defendant's motion for early termination of supervised release at this time.

DATED this 2d day of March, 2023.

                        BY THE COURT:

                        */s/ Dale A. Kimball*

                        DALE A. KIMBALL
                        United States District Judge