IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   **Plaintiff,**<br><br>v.<br><br>MAIGAN TATRO,<br><br>                   **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:22-CR-177-DAK**<br><br>**Judge Dale A. Kimball** |

      On September 18,2025, Defendant filed a Motion to Terminate Supervised Release. On November 10, 2020, Defendant was sentenced in the Northern District of Ohio to 18 months incarceration and 60 months of supervised release for failure to register as a sex offender. Defendant began serving her term of supervised release on October 18, 2021, and her term of supervised release will end on October 17, 2026. Her case was transferred to this court during her supervised release. The United States opposes Defendant's motion. Defendant's United States Probation Officer has provided the court with a supervision summary and similarly recommends that the court not grant early termination of supervised release at this time.

      Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any

policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

The court previously denied a motion for early termination of supervised release from Defendant because she had not yet completed her sex offender treatment. The court told Defendant it would consider another motion after she had complied with that requirement.

Defendant's supervision summary indicates that Defendant completed her sex offender treatment in 2024 and passed her exit polygraph test in August 2025. Defendant is not currently employed, but she receives Social Security disability benefits due to a disability related to low cognitive ability. Defendant resides with family and has a strong social support structure. The court again recognizes that Defendant has made positive steps to turn her life around while on supervised release. Defendant states that her long-term compliance with the terms of her supervised release demonstrates that she does not need any further supervision. However, she has had an instance of non-compliance. In December 2023, Defendant was arrested for making false reports to law enforcement and she had her sex offender treatment suspended for lack of payment.

Defendant's probation office did not take a position regarding early termination of supervised release because, as a general practice, probation does not do so on sex offense-related cases. The United States opposes the motion because her conduct on supervised release, while admirable, does not rise to a level that is exceptional or that overcomes society's need for her continued supervision based on the serious nature of her prior convictions. The United States is concerned with how Defendant will behave without the restrictions of supervised release in place.

Despite these positive steps forward, the court believes that Defendant will benefit from completing her full term of supervision. The structure of supervised release is helpful, and Defendant should continue to have constructive communication with her probation officer regarding her progress. The court, therefore, denies Defendant's Motion for Early Termination of Supervised Release [ECF No. 8].

Dated this 27th day of October 2025.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge